# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RUSSELL GAITHER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:16-cv-9 |
| v. | |
| BRAD HOOKS, | |
| Defendant. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Autry State Prison in Pelham, Georgia, filed his Complaint pursuant to 42 U.S.C. §1983 contesting certain conditions of his confinement while he was housed at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) The Court granted Plaintiff's Motion to Proceed *in Forma Pauperis*. (Doc. 9.) For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, without prejudice, and **DENY** him leave to proceed *in forma pauperis* on appeal. For these same reasons, the Court **VACATES** its Order granting Plaintiff's Motion to Proceed *in Forma Pauperis* and now **DENIES** that Motion. In addition, the Court **VACATES** its Order directing Plaintiff's current custodian to set aside funds from Plaintiff's inmate trust account and submit those funds to this Court. (Doc. 14.) The Court **DISMISSES as moot** Plaintiff's Motion to Compel. (Doc. 13.)

## BACKGROUND

In his Complaint, which was filed on January 6, 2016, Plaintiff asserts that he had taken medication to help him sleep in December 2012.[1] (Doc. 1, p. 9.) Plaintiff contends he was

---

[1] Based on the "supplement" to his Complaint, it appears that Plaintiff's citation to December 2012 was made in error. However, for the reasons which follow, Plaintiff's Complaint should, nevertheless, be dismissed, despite any potential notation error.

getting out of bed the next morning to go to the dining hall for breakfast, and he fell to the floor. Plaintiff contends two fellow inmates helped him to the medical unit about three hours later, as there were no emergency call buttons in the dormitories at Rogers State Prison, and medical staff would not come to Plaintiff. Plaintiff maintains an orderly informed him that "the mastermind man" dragged him out of bed and assaulted Plaintiff while he slept. (Id.) Plaintiff maintains he was taken to Georgia State Prison later that morning to have x-rays of his ankle, which revealed that his ankle was broken in three places, and to have surgery. Plaintiff contends that, on the date he signed his Complaint on January 3, 2016, his ankle was still swollen. (Id. & at p. 10.) Plaintiff names Brad Hooks, the former Warden at Rogers State Prison, as the only Defendant.

Plaintiff also filed a "Supplement" to his Complaint, which was filed on February 11, 2016. (Doc. 10.) In his Supplement, Plaintiff contends Dr. Brown, a physician at Autry State Prison, took Plaintiff's boot to keep his ankle warm and his wheelchair and crutches in December 2015, even though Plaintiff's ankle was still "swollen very badly". (Id. at p. 2.) Plaintiff asserts that he has been forced to walk in several inches of water while wearing trash bags on his foot after it rains so that his ankle does not get wet. In addition, Plaintiff alleges he made a sick call requests on February 2 and 4, 2016, both of which were refused. (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be

granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

## DISCUSSION

### I. Dismissal Under 28 U.S.C. § 1915(g)

As explained above, a prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Furthermore, dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under

§ 1915(g). See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process"). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera, 144 F.3d at 731. The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and appear to count as strikes under Section 1915(g): 1) Gaither v. Chapman, 3:13-cv-125 (M.D. Ga. Dec. 9, 2013), ECF No. 5 (dismissed for failure to state a claim); 2) Gaither v. Pullin, 5:14-cv-260 (M.D. Ga. Aug. 21, 2004), ECF No. 6 (dismissed for being frivolous, malicious, or failing to state a claim); and 3) Gaither v. Archar, 3:15-cv-43 (S.D. Ga. Aug. 25, 2015), ECF No. 27 (dismissed for abuse of judicial process).[2] Consequently, Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar.

---

[2] As noted above, the dismissal of Plaintiff's Complaint in this Court for abuse of judicial process in Case Number 3:15-cv-43 constitutes a strike within the meaning of Section 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (failing to comply with court orders is an "abuse of the judicial process"); Pinson v. Grimes, 391 F. App'x 797, 798–99 (11th Cir. 2010) (failing to disclose previously filed cases properly results in strike).

20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Plaintiff's Complaint contains no indication that he is in imminent danger of serious physical harm at the time he filed his cause of action on January 6, 2016. As explained below, Plaintiff fails to sufficiently allege that Defendant Hooks' conduct has violated his rights or caused him any injury, much less explained how Defendant Hooks' actions threaten to cause him imminent physical injury.

Additionally, if Plaintiff is attempting to assert that his injured ankle meets the imminent danger exception to Section 1915(g), such an attempt fails. By Plaintiff's own admission, he was taken to Georgia State Prison the same day his ankle was broken and had surgery on his broken ankle. Plaintiff fails to maintain that he was experiencing any problems with his repaired ankle, other than swelling, at the time he filed his Complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (noting that, in order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident serving as the basis for his complaint). Further, Plaintiff's Supplement to his Complaint details events which occurred after he filed his Complaint in this Court, and these events cannot serve as the basis for any desired imminent danger exception. Moreover, the allegations

6

contained in his Supplement are not related to the events detailed in his original Complaint, and the Court will not allow Plaintiff to pursue these unrelated claims in one cause of action. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."). Thus, Plaintiff's status as a "three-striker" should preclude him from proceeding in this case *in forma pauperis*.

## II. Claims Against Defendant Hooks

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[3] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

---

[3] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

7

It appears Plaintiff attempts to hold Defendant Hooks liable based solely on his position as Warden at Rogers State Prison. However, Plaintiff does not allege that Defendant Hooks personally participated in any alleged constitutional violations. In fact, Plaintiff makes no factual allegations against Defendant Hooks whatsoever. Thus, the Court should **DISMISS** Plaintiff's Complaint in its entirety, as Defendant Hooks is the only named Defendant.

## IV. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Additionally, Plaintiff's stauts

---

[4] A certificate of appealability is not required in this Section 1983 action.

as a "three-striker" precludes him from proceeding on appeal *in forma pauperis* just as it precludes him from doing so in this Court. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **VACATES** its February 8 and 23, Orders, (docs. 9, 14), **DENIES** Plaintiff's Motion to Procced *in Forma Pauuperis*, (doc. 2), and **DISMISSES as moot** Plaintiff's Motion to Compel, (doc. 13). I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff and Plaintiff's current custodian.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA