IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RUSSELL GAITHER,

    Plaintiff,

v.

BRAD HOOKS,

    Defendant.

CIVIL ACTION NO.: 6:16-cv-9

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Appoint Counsel and his Motion Requesting Stay. (Docs. 22, 23.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion to Appoint Counsel and **GRANTS in part** Plaintiff's Motion Requesting Stay.

**I. Motion to Appoint Counsel**

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing

whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## II. Motion Requesting Stay

"Courts generally 'must look beyond the labels of [filings] by *pro se* [inmates] to interpret them under whatever statute would provide relief.'" Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1 (S.D. Ga. Feb. 18, 2016) (citing Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original), and

Means v. Ala., 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning *pro se* inmates)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Georgia, 618 F. App'x 610, 611–12 (11th Cir. 2015)). A review of Plaintiff's Motion reveals that he is not requesting a stay in these proceedings but rather another extension of time to respond to the Court's Report and Recommendation. Upon consideration, the Court **GRANTS in part** Plaintiff's Motion for Extension of time to file Objections to the Report and Recommendation. The Court has already granted Plaintiff an extension of time to file Objections. (Doc. 21.) Plaintiff shall have an additional thirty (30) days, or until September 15, 2016, to file any desired Objections to the Report and Recommendation. **Plaintiff is advised no further extensions will be granted**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA