IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RUSSELL GAITHER,

    Plaintiff,

v.

BRAD HOOKS,

    Defendant.

CIVIL ACTION NO.: 6:16-cv-9

## **ORDER**

This matter is before the Court on Plaintiff's two post-judgment Motions. (Docs. 34, 35.) After review, the Court **DENIES** Plaintiff's Motions. The Court's Orders dated August 19, 2016, September 26, 2016, and January 18, 2017, (docs. 24, 26, 32), shall remain the Orders of the Court.

Though docketed as seeking the appointment of counsel and the granting of a motion to compel, Plaintiff ostensibly seeks reconsideration of the Court's previous Orders denying his Motions for Appointment of Counsel and dismissing his claims.[1] In addition, Plaintiff levies accusations that the undersigned and United States Magistrate Judge R. Stan Baker somehow went above the Honorable Lisa Godbey Wood's authority to enter rulings in this cause of action.

---

[1] "Courts generally 'must look beyond the labels of [filings] by *pro se* [parties] to interpret them under whatever statute would provide relief.'" Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1 (S.D. Ga. Feb. 18, 2016) (quoting Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original)) (citing Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning *pro se* inmates); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Ga., 618 F. App'x 610, 611–12 (11th Cir. 2015)).

To the extent Plaintiff seeks reconsideration of the Court's previous Orders, the Court **DENIES** any such request.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motions. He fails to present any newly-discovered evidence in support of his claims, nor does he allege this Court's previously-entered Orders represent a manifest error of law or fact. Thus, the Court hereby **DENIES** Plaintiff's construed Motions for Reconsideration. In addition, Plaintiff's accusation that the undersigned and Magistrate Judge Baker usurped authority from then-Chief Judge Wood is patently without merit. The undersigned and Magistrate Judge Baker entered all rulings in this cause of action, as this case was assigned to us for review and disposition.

The Court's Orders dated August 19, 2016, September 26, 2016, and January 18, 2017, shall remain the Orders of the Court, and this case shall remain closed.

**SO ORDERED**, this 26th day of May, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UINITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA